SARAH VAN COTT, BY NEXT FRIEND, DEFENDANT IN ERROR, v. NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Argued March 15, 1905—Decided November 20, 1905.

After the allowance of a bill of exceptions to the refusal of the trial court to nonsuit the plaintiff for failure of proofs showing the negligence of the defendant's motorman, a witness, produced on behalf of the defendant, testified that the motorman, seeing the plaintiff in the act of crossing the street, slackened the speed of his car so as to bring it to a semi-halt, whereupon the plaintiff, who likewise had temporarily halted, made a swift run to cross the track in front of the car, but was struck by the car, to which "an extra burst of speed" had been imparted. *Held*, that after the admission of this testimony, both the negligence of the motorman and the contributory negligence of the plaintiff became questions of fact for the jury, and that the refusal of the trial court to nonsuit the plaintiff for failure of proofs showing negligence is not reversible error where such proofs are afterwards supplied by the defendant during the progress of the trial.

On error to the Essex Circuit Court.

For the plaintiff in error, *Hobart Tuttle.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

GARRISON, J.   The plaintiff, while crossing a public street in the city of Newark, was struck by a trolley car of the defendant, receiving injuries for which she recovered damages in the Circuit Court.   Upon this writ of error brought to

reverse the judgment of the Circuit Court the assignment chiefly argued was the alleged error of the trial court in denying a motion to nonsuit, which was asked for at the close of the plaintiff's case, upon the ground that the negligence of the defendant's motorman was not legitimately inferable from the testimony. As the testimony stood at that time it is very questionable whether a case of negligence had been made out by the plaintiff. The matter, however, will not be pursued, for the reason that if there was such failure in the plaintiff's proofs at the time the nonsuit was denied, such proof was afterwards supplied by the defendant.

Harry A. Vaughan, a witness called on behalf of the defendant, testified that "the child stood for a moment on the curb, and then made a couple of steps to walk in a diagonal direction across the street, and looked and saw the car, and then made a few steps—running style; the motorman rang the bell at that time, which attracted the child's attention, and she stood—the child stood at the time when the bell rang.

"*Q.* How far away from the first rail?

"*A.* Well, I think it was about the first rail that she stopped; the car slackened speed at that time when the bell was ringing; the child stopped, and as the car slackened speed she made a swift run to cross the track in front of the car; the car had already started after she had remained stationary.

"*Q.* How do you mean 'started?'

"*A.* Well, put on an extra burst of speed after having come to a semi-halt."

From this testimony it might legitimately be inferred that the child and the motorman each saw the other; that the motorman, by slackening the speed of his car, led the plaintiff to believe that she could safely cross in front of it, and that under such circumstances the imparting of an extra burst of speed to the car after it had come to a semi-halt was an act of negligence upon the part of the motorman. Upon the admission of this testimony the negligence of the motorman and the contributory negligence of the plaintiff became ques-

tions of fact for the jury, whatever may have been the state of the proofs at the close of the plaintiff's case.

The circumstance that this testimony came into the case after the denial of the motion to nonsuit displayed in the defendant's bill of exceptions does not militate against its application to the assignment of error based upon the exception to such refusal, for the reasons stated in *Bostwick* v. *Willett, ante p.* 21. The rule established by the case there cited is that a refusal to nonsuit the plaintiff for failure of proofs is not reversible error where such proofs are afterwards supplied by the defendant during the progress of the trial.

No reversible error appearing in any of the reasons assigned, the judgment of the Circuit Court will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN. 12.

*For reversal*—None.